**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**PAUL CASTO,**

                  **Plaintiff**,

**v.**

        **CIVIL ACTION NO.): 1:23-CV-8**
        **(JUDGE KLEEH)**

**LAURA WHALEY and BARBARA**
**BERKERY,**

                  **Defendants**.

## REPORT AND RECOMMENDATION, RECOMMENDING THAT ACTION BE DISMISSED WITHOUT PREJUDICE, AND THAT PLAINTIFF'S MOTION [ECF NO. 14] FOR INJUNCTIVE RELIEF BE DENIED

This matter is before the undersigned Magistrate Judge pursuant to Referral Order [ECF No. 9] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on January 23, 2023. By the Referral Order, Judge Kleeh directed the undersigned "[to issue] written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2023, Plaintiff, proceeding *pro se*, and who currently is incarcerated, filed a Complaint [ECF No. 1] concerning Defendants' alleged mishandling of Plaintiff's personal property. While Plaintiff's allegations are not entirely clear, he appears to allege that he had stored certain of his personal property upon real property owned by Plaintiff's father. Plaintiff alleges that storage of this personal property was for its safekeeping during Plaintiff's incarceration. Plaintiff alleges that Defendants wrongly managed and/or sold the real property owned by

1

Plaintiff's father to someone named Mr. Renzelli. [ECF No. 1, at 2; ECF No. 1-2, at 7]. In the process of disposing of this real property, Plaintiff alleges, Defendants allowed possession Plaintiff's personal property to fall into the ownership or control of third parties. [ECF No. 1]. More particularly, Plaintiff alleges that Defendants threw out or gave away certain of his personal property, and let other items of personal property pass into the control of Mr. Renzelli when title to the real estate transferred. Id. Plaintiff also alleges that Defendants did not otherwise allow Plaintiff's representative(s) to retrieve his personal property for him. [ECF No. 1, at 2; ECF No. 1-2, at 7]. Plaintiff provides a six-page list of the personal property at issue. [ECF No. 1-2].

The relationships between Plaintiff and Defendants, and between Defendants and Plaintiff's father, are not entirely clear. Plaintiff alleges that, in some fashion, Defendants acted under a power attorney on behalf of Plaintiff's father to sell Plaintiff's father's real property. [ECF No. 1, at 1]. In so doing, Plaintiff alleges, Defendants defrauded both himself and his father. Id. Plaintiff states that party-defendant Berkery is the daughter of party-defendant Whaley [ECF No. 1, at 2]. Plaintiff states that party-defendant Whaley is Plaintiff's aunt. [ECF No. 1-2, at 7].

On the civil cover sheet accompanying the Complaint, Plaintiff indicates that both he and the party-defendants are citizens of West Virginia. [ECF No. 1-1]. Plaintiff identifies both party-defendants as having addresses in Clarksburg, in the Northern District of West Virginia. [ECF No. 1, at 1]. Plaintiff identifies himself as current residing, as an incarcerated person, at FPC Beckley, located in Beaver, West Virginia. [ECF No. 1, at 1]. As for the real property at which Plaintiff alleges the acts or omissions occurred, all indications are that it also is located in Clarksburg, in the Northern District of West Virginia, at 1900 Gould Avenue. [ECF No. 1, at 1; ECF No. 1-3].

Plaintiff alleges monetary damages in the amount of $60,866.30. [ECF No. 1, at 4; ECF No. 1-1]. He also requests entry of an order for return of his personal property, and an award of fees and costs. [ECF No. 1, at 4].

In neither the Complaint and supporting materials, nor on the civil cover sheet, does Plaintiff give an indication of the basis of this Court's jurisdiction. Plaintiff does not specifically assert a cause of action, although construing it liberally, the Complaint sounds in fraud. [ECF No. 1, at 1; ECF No. 1-1].

Also pending before the Court is Plaintiff's motion [ECF No. 14], filed on January 30, 2023, by which he requests an injunction barring Defendants from spending funds in accounts held by Plaintiff's father.

Plaintiff paid the filing fee [ECF No. 1] to lodge the Complaint, and did not file a motion to proceed *in forma pauperis*. Plaintiff had requested, by separate motion [ECF No. 3], filed on January 19, 2023, for the Court to appoint counsel to represent him in this matter. By Order dated January 23, 2023 [ECF No. 10], the Court denied Plaintiff's motion to appoint counsel.

## II. REVIEW AND ANALYSIS

In short, under the facts alleged and in review of the relief sought, the Court does not have subject matter jurisdiction in this matter, and the matter should be dismissed without prejudice.

### A.  Construing Plaintiff's Claim

Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct plaintiffs' legal arguments for them, nor

should it "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant matter, Plaintiff does not give any plain statement about what provision(s) under the law he relies upon in bringing his legal claim(s), or even what legal claim(s) he seeks to lodge. Indeed, he articulates no constitutional, constitutional, statutory, or regulatory provision upon which he relies, nor does he specifically invoke any provision under the common law.

As noted above, Plaintiff vaguely alludes to a claim for fraud. Construing Plaintiff's Complaint liberally, then, Plaintiff may attempt to lodge a claim for common law fraud, which is a claim under state law. In West Virginia:

> The essential elements in an action for fraud are: "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it."

Syl. Pt. 1, <u>Lengyel v. Lint</u>, 167 W. Va. 272, 272–73, 280 S.E.2d 66, 67 (1981) (quoting <u>Horton v. Tyree</u>, 104 W.Va. 238, 242, 139 S.E. 737 (1927)).

Thus, at best, Plaintiff seeks to lodge a state common law claim for fraud. In certain instances, a federal court may adjudicate a state law claim. However, even if Plaintiff alleges facts to make a *prima facie* claim for common law fraud in West Virginia (which the undersigned does <u>not</u> conclude he has), Plaintiff has not established that the Court in this matter has subject matter jurisdiction over such a claim.

### B. Evaluating Plaintiff's Claim in Relation to Court's Subject Matter Jurisdiction

Fundamentally, federal courts "are courts of limited jurisdiction, possessing only the authority granted by the Constitution and Congress." <u>Scott v. Cricket Commc'ns, LLC</u>, 865 F.3d 189, 194 (4th Cir. 2017) (citing <u>Strawn v. AT & T Mobility LLC</u>, 530 F.3d 293, 296 (4th Cir. 2008). Thus, even if Plaintiff may have a valid claim for common law fraud under state law, he is

4

not necessarily entitled to bring such a claim in federal court. He must show that subject matter jurisdiction lies in federal court.

Congress has provided that federal courts primarily have two types of subject matter jurisdiction: (1) federal question, and (2) diversity of citizenship. See 28 U.S.C. § 1331 (establishing federal question jurisdiction); 28 U.S.C. § 1332 (establishing diversity jurisdiction). In the instant matter, per the review above, Plaintiff has alleged no facts or cause of action arising under the United States Constitution, federal statute, or federal treaty, as required under 28 U.S.C. § 1331 to establish federal question jurisdiction. Thus, the undersigned reviews the matter under 28 U.S.C. § 1332 to determine, instead, if diversity jurisdiction lies.

Under the diversity jurisdiction statute, parties with certain types of "diverse" citizenship may be entitled to pursue civil actions, such as a claim for state common law fraud, in federal court. However, as a threshold matter, Congress requires that in such a case, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). As summarized above, however, Plaintiff alleges damages of a lesser amount, $60,866.30. Thus, Plaintiff does not satisfy the jurisdictional minimum amount in controversy.

Moreover, even if Plaintiff had satisfied the jurisdictional minimum, he could not maintain a common law fraud cause of action by operation of diversity jurisdiction because Congress additionally requires that the controversy be between citizens of different states. 28 U.S.C. § 1332(a)(1).[1] As summarized above, Plaintiff quite clearly alleges that he resides in West Virginia, at FCP Beckley in Beaver, West Virginia, while Defendants reside at respective locations in

---

[1] Other subsections of 28 U.S.C. § 1332(a) provide for diversity jurisdiction where a party may be a citizen of a foreign state, which is not at all applicable under the facts alleged and information provided herein by Plaintiff.

Clarksburg, West Virginia. By Plaintiff's own statements, he and Defendants all reside in West Virginia. Thus, Plaintiff fails to establish that there is diversity jurisdiction here.

### C. Dismissal Appropriate at this Early Stage of Litigation

The undersigned does not lightly evaluate the matter and recommend *sua sponte* dismissal at such an early stage of proceedings, especially where Plaintiff has paid the filing fee and not sought to proceed *in forma pauperis*[2], and where Defendants have not yet appeared or filed dismissal motions on their own.[3]

Nonetheless, where subject matter jurisdiction is so clearly lacking, the Court has authority to dismiss the action *sua sponte*, in the interest of judicial economy. After all, a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3); Duffield v. Memorial Hosp. Ass'n, 361 F. Supp. 398, 399 (S.D. W. Va. 1973), *aff'd sub. nom.* Duffield v. Charleston Area Medical Ctr., 503F.2d 512 (4th Cir. 1974); see also Bolin v. Chavez, 210 F.3d 389, at *2 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure). Moreover, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). And as summarized in a case from this District:

> [T]he Court has powers to guard against frivolous litigation. Chief Judge Spencer of the Eastern District of Virginia succinctly summarized the responsibilities of the Court in actions of this nature:
>
> The Court has broad power to *sua sponte* dismiss an action, or part of an action which is frivolous, vexatious, or brought in bad faith. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (holding district

---

[2] To be clear, had Plaintiff sought to proceed *in forma pauperis*, the undersigned similarly would recommend screening and dismissal before allowing service of the Complaint. However, the Court obviously is not faced with that procedural posture here.

[3] Ostensibly, Plaintiff has served Defendants. [ECF Nos. 7, 8]. The undersigned has not evaluated the propriety or effectiveness of service of the Complaint.

courts have the authority to dismiss frivolous complaints *sua sponte*, notwithstanding the payment of a filing fee); Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 726 (D.C.Cir.1990) (per curiam) ("[A] trial court may dismiss a claim *sua sponte* without notice 'where the claimant cannot possibly win relief.'"(quoting Omar v. Sea–Land Serv., 813 F.2d 986, 991 (9th Cir.1987)); Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir.1988) (stating a federal district court has authority to dismiss a frivolous suit on its own initiative). This Court has the discretion to dismiss this case before Defendants file a response, notwithstanding the payment of Plaintiff's filing fee if it determines the action is factually or legally frivolous. O'Connor v. Northshore Int'l Ins. Servs., Inc., 2006 WL 4571652 (E.D.Va. May 19, 2006).

O'Neil v. Cornerstone Homes, No. CIV A 307-CV-69, 2007 WL 2116410, at *1 (N.D.W. Va. July 19, 2007), aff'd sub nom. O'Neil v. Oswego Cnty. Dep't of Soc. Servs., 258 F. App'x 581 (4th Cir. 2007).

Accordingly, with subject matter jurisdiction so clearly lacking, *sua sponte* dismissal of the action herein is appropriate.

### D. Denial of Motion for Injunctive Relief Appropriate

Also pending before the Court is Plaintiff's motion [ECF No. 14] for injunctive relief. By the motion, Plaintiff requests that Defendants be enjoined from utilizing funds to which they may have access by operation of a power of attorney for Plaintiff's father. As set forth above, for want of subject matter jurisdiction, the undersigned recommends that the matter be dismissed.[4] It stands to reason, then, in light of the recommendation that the Court dismiss the underlying Complaint, that the Court would not entertain Plaintiff's motion [ECF No. 14] for injunctive relief. Accordingly, the undersigned recommends that the pending motion [ECF No. 14] for injunctive relief be denied.

---

[4] The undersigned sets aside any questions about whether Plaintiff has standing to bring such a motion, or how it relates to the underlying claim(s) which Plaintiff attempts to lodge, and also puts aside the utter lack of factual foundation or supporting documentation for the request.

## III. RECOMMENDATIONS AND CONCLUSIONS

Accordingly, based on the foregoing, the undersigned **FINDS** that the Court lacks subject matter jurisdiction over any claim(s) which Plaintiff seeks to bring, and thus respectfully **RECOMMENDS** that *pro se* Plaintiff's Complaint [ECF No. 1] be **DISMISSED without prejudice** for lack of subject matter jurisdiction. The undersigned thus also **RECOMMENDS** that Plaintiff's pending motion [ECF No. 14] for injunctive relief be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

8

The Clerk of the Court is directed to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted February 1, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE